# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ERIC KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:13-cv-00504-MHH-JEO |
| | ) |
| MS. AMBROSKI, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

In his report and recommendation, the Magistrate Judge recommended that the undersigned District Judge grant the defendants' motions for summary judgment. (Doc. 48). Mr. Kelly filed objections to the report and recommendation. (Doc. 49). For the reasons stated below, the Court adopts the Magistrate Judge's report and accepts his recommendation.

**STANDARD OF REVIEW**

When reviewing a magistrate judge's report and recommendation, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection has been made." 28 U.S.C. § 636(b)(1). When a party specifically objects to portions of the report and recommendation, the district judge must "give fresh consideration to those issues."

*Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94–1609, *reprinted in* 1976 U.S.C.C.A.N. 6162, 6163). The district court reviews for clear error the portions of the report and recommendation to which no party has objected. *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## ANALYSIS

### A.   Referral to a Magistrate Judge

As a preliminary matter, Mr. Kelly argues that it was "unconstitutional and error for this court to refer his case to a magistrate [judge]." (Doc. 48 at 2). He complains that he did not knowingly waive his right to have his case heard before an Article III judge and did not consent to his case being assigned to a magistrate judge. (*Id*. at 1-13). Mr. Kelly misunderstands the referral process.

A district court has statutory authority to delegate prisoner petitions challenging conditions of confinement to a magistrate judge for initial consideration. *See* 28 U.S.C. § 636(b)(1)(B). The district court does not have to obtain the consent of the parties before referring these matters to a magistrate judge. 28 U.S.C. § 636(b)(1). Absent unanimous consent, a magistrate judge cannot issue a final

judgment. Instead, the magistrate judge must issue a report and recommendation, and a district judge must review the review the report and recommendation, the evidence in the record, and the parties' objections to the report and recommendation before the district judge issues a final judgment.

That is what happened here. The District Court referred Mr. Kelly's case to Chief Magistrate Judge Ott. Chief Magistrate Judge Ott oversaw the initial procedural matters in the case. Then, because the parties did not unanimously consent to have him decide the case, Chief Magistrate Judge Ott issued a thorough, 42 page report and recommendation. In that report, the Magistrate Judge reviewed Mr. Kelly's allegations and the evidence in the record in the light most favorable to Mr. Kelly and evaluated the allegations and the evidence through the lens of binding Eleventh Circuit precedent. The undersigned, in turn, reviewed the entire record, including the report and recommendation and Mr. Kelly's objections, and the undersigned will issue a dispositive ruling.

Therefore, the Court OVERRULES Mr. Kelly's objection to the Court's referral of this case to a magistrate judge.

**B.    The Merits of Mr. Kelly's Claims**

In his objections, Mr. Kelly argues that Chief Magistrate Judge Ott "distorted and misstated" his claims concerning the seriousness of his medical condition. (Doc.

49 at 20). The Court disagrees. The Magistrate Judge viewed the facts in the light most favorable to Mr. Kelly. (Doc. 48 at 4). For example, in the "Summary Judgment Facts" portion of the report and recommendation, the Magistrate Judge stated:

> The plaintiff suffers extreme back pain and has trouble walking even with the aid of a cane. (Doc. 32 at 19). He is unable to stand or sit for any extended period of time because of his back pain. (*Id.*). The plaintiff has trouble standing in the shower to bathe, and suffers pain walking to and from the Health Care Unit, canteen, store, and kitchen. (*Id.* at 20). The plaintiff no longer receives narcotic pain medication and the pain mediation he is now prescribed is of little or no help. (*Id.*). He is unable to sleep and suffers anxiety for fear of incurring irreparable nerve damage. (*Id.*).

(Doc. 48 at 24). Mr. Kelly has not explained how the above description misrepresents his medical condition. Viewing the record in the light most favorable to Mr. Kelly, the Magistrate Judge's description of the seriousness of Mr. Kelly's medical condition is accurate.

The record demonstrates that Mr. Kelly's constant back pain constitutes a serious medical need, but the record does not indicate that the defendants have been deliberately indifferent to that need. Mr. Kelly's medical records reveal that prison medical staff routinely examined him for his complaints of back pain, prescribed pain medication, and referred him to outside specialists. (*See*, *e.g.*, Doc. 37-1, pp. 17, 22,

26-35). Although Mr. Kelly disagrees with Dr. Hood and Ms. Amborski's determination that he is not an appropriate candidate for back surgery, a "difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis and course of treatment [does not] support a claim of cruel and unusual punishment."[1] *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991).

The Magistrate Judge properly stated the applicable legal standards in this case, and his finding that Mr. Kelly's evidence falls short is not in error. Mr. Kelly has not "place[d] verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Hill v. DeKalb Reg'l Youth Detention Ctr.*, 40 F.3d 1176, 1186-87 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002). In fact, Mr. Kelly's objective medical records suggest that the mild disc bulge for which he requests surgery has changed little over the years. For example, a report from an MRI that Mr. Kelly had in January 2014 states: "Well preserved lumbar spine structures. No new interval change detected as compared to the previous examination of March 2012. I have reviewed back even to an older

---

[1] The plaintiff submitted the sworn affidavit of Inmate Donnie Lee with his objections. (Doc. 49, Ex. 1). Mr. Lee states that the plaintiff "is in a great deal of pain," which is undisputed. (Doc. 49, Ex. 1 at 1). The remainder of Mr. Lee's affidavit concerns the conditions of confinement at Limestone Correctional Facility and his belief that Warden Dewayne Estes and Assistant Warden Jimmy Patrick are not managing the facility well. Mr. Lee's affidavit does not address the nature and extent of the medical treatment that Mr. Kelly has received, so it does not help Mr. Kelly create an issue of fact concerning his claims.

examination of December 2009 and no new interval change is detected." (Doc. 37-1, p. 39). Dr. Hood and Ms. Amborski have relied upon the opinions of physicians who have determined that Mr. Kelley's back pain is related to a stroke that he suffered years ago rather than the bulging disc in his back. (*See*, *e.g.* Doc. 31-1, p. 13). Therefore, the treatment that Mr. Kelly has received is not inadequate under the law.[2]

Mr. Kelly objects because the Magistrate Judge did not allow him to conduct discovery before the Magistrate Judge issued a report and recommendation on the defendants' motions for summary judgment. (Doc. 49 at 15). In the Order for Special Report, the Magistrate Judge directed the defendants to submit a written report accompanied by the sworn statements of all persons having knowledge of facts relevant to Mr. Kelly's claims or any subsequent investigation undertaken with respect to the claims. (Doc. 36 at 6). The Magistrate Judge also directed the defendants to submit a clear and legible copy of all documents relevant to the claims or defenses asserted in the action, including all incident reports, disciplinary reports, classification or custody records, and medical records, as may bear directly on the claims or defenses asserted. (*Id*. at 7). On April 2, 2014, defendants Corizon, Hood,

---

[2] Mr. Kelly objects to the Magistrate Judge's finding that the statute of limitations bars any claim that the defendants denied him medical care prior to February 24, 2011. (Doc. 49 at 21-22). Because Mr. Kelly cannot prevail on the merits of his claims, the Court does not engage in a substantive analysis of the statute of limitations issue because the issue is moot.

and Amborski filed a Special Report which included Dr. Hood's affidavit regarding Mr. Kelly's medical care and Mr. Kelly's relevant medical records. (Doc. 33). On June 9, 2014, defendants Corizon, Hood, and Amborski supplemented their Special Report with additional medical records for Mr. Kelly. (Doc. 37-1).

In his opposition to the defendants' Special Report, Mr. Kelly seemed to argue that through discovery, he would have obtained medical records from Dr. Lampley, Dr. Crocker, Mr. Francavilla, Dr. Mosley, Dr. Grant, Dr. Pouparinas, and Dr. Falkman. (Doc. 47, pp. 10-14). Mr. Kelly contends that these physicians recommended surgery or injections for his back pain, and Dr. Hood denied or overruled these recommendations. Although the medical records from these physicians do not appear in the court record, crediting Mr. Kelly's allegations as true, the Magistrate Judge assumed that Mr. Kelly visited the doctors as described in the amended complaint. Based on Mr. Kelly's allegations, the Magistrate Judge recited in detail the recommendations that these physicians purportedly made regarding surgery or injections. (*See* Doc. 48, pp. 8-12). Assuming these medical records exist, as the Magistrate Judge did, discovery may have given Mr. Kelly an opportunity to review the documents before filing his opposition to the Special Report; however, the records would not have changed the Magistrate Judge's legal analysis of Mr. Kelly's claims because the Magistrate Judge gave Mr. Kelly the benefit of the doubt in his

assessment of Mr. Kelly's medical and treatment history.  Therefore, Mr. Kelly was not prejudiced by the lack of an opportunity to conduct discovery regarding these records.

**CONCLUSION**

Having carefully reviewed and considered *de novo* all the materials in the Court file, including the report and recommendation and Mr. Kelly's objections, the Court adopts the Magistrate Judge's report and accepts his recommendation.  The Court FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law.  Accordingly, the Court will grant the defendants' motions for summary judgment and dismiss this action WITH PREJUDICE.  A Final Judgment will be entered.

DONE and ENTERED this 31st day of March, 2015.

*[signature]*

**MADELINE HUGHES HAIKALA**
**U.S. DISTRICT JUDGE**